IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CT-3179-D

| | | |
|---|---|---|
| MOSES LEON FAISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JOE LIGHTSEY, | ) | |
| | ) | |
| Defendant. | ) | |

On November 5, 2009, Moses Leon Faison ("Faison" or "plaintiff"), a state inmate incarcerated at Central Prison, filed this action against Joe Lightsey ("Lightsey") under 42 U.S.C. § 1983 [D.E. 1]. On December 7, 2009, Faison filed a statement of facts amending his original complaint [D.E. 5]. On January 22, 2010, the court reviewed Faison's complaint under 28 U.S.C. § 1915 and allowed the action to proceed [D.E. 6], and the clerk directed North Carolina Prisoner Legal Services ("NCPLS") to investigate Faison's claims [D.E. 7]. On February 17, 2010, Lightsey was served with the summons and complaint [D.E. 11]. On June 21, 2010, NCPLS filed a response to the order of investigation, indicating that appointment of counsel is not required [D.E. 18].

On July 19, 2010, Lightsey answered the complaint [D.E. 24] and filed a motion to dismiss [D.E. 25]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Faison about the motion to dismiss, the consequences of failing to respond, and the response deadline [D.E. 27]. Between July 22 and July 28, 2010, Faison filed several responses in opposition [D.E. 28–31] and a motion for appointment of counsel [D.E. 32]. As explained below, the court denies Lightsey's motion to dismiss and Faison's motion for appointment of counsel.

I.

Taken in the light most favorable to plaintiff, Faison alleges that he has a history of chest, back, and arm pain, for which he was taking medication (Tegretol and Naproxen) prescribed by Lightsey. Compl. at 3. Faison underwent oral surgery and developed severe mouth pain, which made it difficult to eat, and his gums were swollen and he could not turn his head or neck to the right. Id. at 4; Am. Compl. at 1. An oral surgeon at Central Prison examined Faison and prescribed Gabpentin. Compl. at 4–5. However, Lightsey refused to dispense the prescription on the ground that he was already treating Faison with Tegretol and Naproxen. Id. On October 22, 2009, an oral surgeon at UNC-Chapel Hill examined Faison and also prescribed Gabpentin and "request[ed] that . . . Lightsey take [Faison] off the other meds" because they did not treat his mouth pain. Am. Compl. at 1. However, Lightsey again refused to dispense the prescription. Compl. at 4; Am. Compl. at 1–2. Faison "went . . . to . . . Lightsey over and over again telling him that the meds he was giving me wasn't stoping [sic] the pain" but Lightsey did not change his course of treatment because "Lightsey said he had put people on it that was not in need of it." Compl. at 5–6. As a result, Faison continued to suffer from severe mouth pain.

Lightsey seeks dismissal on the ground that Faison has failed to state a claim against him. In analyzing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted," a court must determine whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–50 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). A court need not accept a complaint's legal

2

conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement. See, e.g., Iqbal, 129 S. Ct. at 1949–50; Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). Similarly, a court need not accept as true "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 129 S. Ct. at 1949–50. Furthermore, in analyzing a Rule 12(b)(6) motion to dismiss, a court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

To state a claim for inadequate medical care under section 1983, an incarcerated prisoner must show deliberate indifference to his serious medical needs in violation of his Eighth Amendment rights. See Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979); Estelle v. Gamble, 429 U.S. 97, 104–05 (1976). In order to prove such a claim, Faison "must demonstrate that the officers acted with 'deliberate indifference' (subjective) to [his] 'serious medical needs' (objective)." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (quoting Estelle, 429 U.S. at 104); Holly v. Scott, 434 F.3d 287, 289 (4th Cir. 2006). A prisoner is not entitled to choose his course of treatment. See Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) (per curiam). Likewise, mere negligence in diagnosis or treatment does not state a constitutional claim. Estelle, 429 U.S. at 105–06.

Taking the allegations of the complaint in the light most favorable to Faison, he alleges that two different doctors prescribed a specific medication for Faison and one of the doctors told Lightsey that he did not believe that Lightsey's course of treatment was treating Faison's pain. Lightsey, however, continued to refuse to provide Faison with the prescribed medication despite Faison's repeated complaints of pain. Thus, the court concludes Faison has stated a claim. Cf. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Accordingly, the court denies the motion to dismiss.

3

As for Faison's motion for appointment of counsel [D.E. 32], no right to counsel exists in civil cases absent "exceptional circumstances." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds by Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa, 490 U.S. 296 (1989); see Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances "hinges on [the] characteristics of the claim and the litigant." Whisenant, 739 F.2d at 163. The facts of this case, and Faison's abilities do not present exceptional circumstances. Accordingly, the court denies Faison's motion to appoint counsel.

II.

For the reasons stated, the court DENIES defendant's motion to dismiss [D.E. 25] and DENIES plaintiff's motion to appoint counsel [D.E. 32]. The clerk is DIRECTED to issue a scheduling order.

SO ORDERED. This 31 day of January 2011.

JAMES C. DEVER III
United States District Judge